IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENNETHA DORSEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 1:23-cv-2922 |
| | ) |
| VILLAGE OF ROBBINS and ROBBINS DEPUTY CHIEF BYRON REDMOND (STAR # 381), OFFICER SHARITA HORTON (STAR # 101), OFFICER JOEL MORRIS (STAR #391), DETECTIVE JASON STAROSTA (STAR #07), | ) ) ) ) ) ) Jury Demand |
| Defendants. | |

## COMPLAINT

**NOW COMES** the Plaintiff, KENNETHA DORSEY, by counsel Jon Erickson, complaining against the Defendants, VILLAGE OF ROBINS and ROBBINS DEPUTY CHIEF BYRON REDMOND (STAR # 381), OFFICER SHARITA HORTON (STAR # 101), OFFICER JOEL MORRIS (STAR #391), DETECTIVE JASON STAROSTA (STAR #07), as follows:

### INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. §1983 to address deprivations of Plaintiff's rights under the Constitution of the United States.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983 and 1988; 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction as provided under 28 U.S.C. § 1367(a).

### VENUE

3. Venue is proper under 28 U.S.C. Section 1391 (b). All of the parties reside in this judicial district and the events described herein all occurred within this district.

### THE PARTIES

1

4. The Plaintiff, KENNETHA DORSEY is a resident of the Northern District of Illinois.

5. Defendant VILLAGE OF ROBBINS is a municipal corporation duly incorporated in the state of Illinois and is the employer of Defendants ROBBINS DEPUTY CHIEF BYRON REDMOND (STAR # 381), OFFICER SHARITA HORTON (STAR # 101), OFFICER JOEL MORRIS (STAR #391), DETECTIVE JASON STAROSTA (STAR #07),

6. Defendants ROBBINS DEPUTY CHIEF BYRON REDMOND (STAR # 381), OFFICER SHARITA HORTON (STAR # 101), OFFICER JOEL MORRIS (STAR #391), DETECTIVE JASON STAROSTA (STAR #07), were at all relevant times a duly appointed Robbins Police Officers and at all relevant times, was acting within the scope of his employment and under color of law.

## BACKGROUND

8. The unmistakable intent of the Illinois General Assembly in enacting the Domestic Violence Act was to implement a comprehensive restructuring "of the legal system's historically inadequate response to domestic violence." (See Moore v. Green, 219 Ill.2d 470 (2006) (Justice McMorrow, specially concurring). To that end, in section 304 of the Domestic Violence Act (750 ILCS 60/304 (West 2002)) the legislature set forth with specificity the duties and responsibilities of law enforcement officers when they are called to respond to incidents of domestic violence. The importance of law enforcement officers fulfilling these responsibilities and duties was underscored by the legislature in section 305 of the Domestic Violence Act (750 ILCS 60/305 (West 2002)), which provides that a law enforcement officer is liable for any act of omission or commission which is the result of willful and wanton misconduct. Thus, these provisions of the Domestic Violence Act underscore that law enforcement officials must be held accountable for their willful and wanton failures, otherwise, the legislature's purpose in enacting the Domestic Violence Act would be thwarted. (Id).

## **FACTS**

9. On or about August 12, 2021 at approximately 2:28 a.m., Plaintiff Kannetha Dorsey called the Robbins Police Department (911) seeking assistance in an on-going domestic violence incident at her home at 13945 S Grace Ave Robbins, IL 60472.

10. All named individual Defendant Officers (hereinafter, "Defendant Officers") were on duty at that time.

11. Defendants ROBBINS DEPUTY CHIEF BYRON REDMOND (hereinafter, "Defendant Redmond"), OFFICER SHARITA HORTON ("hereinafter Defendant Horton"). Defendant OFFICER JOEL MORRIS (STAR #391) (hereinafter "Defendant Morris") were dispatched to 13945 S Grace Ave Robbins, IL 60472.

12. Defendants Redmond, Horton and Morris were, pursuant to Section 304 of the Domestic Violence Act (750 ILCS 60/304 (West 2002)), charged with specific duties and responsibilities as law enforcement officers who had been called to respond to an incident of domestic violence.

13. Defendants Redmond, Horton and Morris were familiar with Plaintiff as they had responded to domestic violence calls at Plaintiff's home on previous occasions.

14. As Plaintiff was coming the downstairs from her second-floor apartment to exit the building, she saw Defendants Redmond, Horton and Morris at the bottom of the at the ground level at the apartment building entrance threshold.

15. Plaintiff was carrying your 11-month-old infant in her arms and holding her 3-year-old daughter by her hand. Directly behind Plaintiff on the steps was her 8-year-old son.

16. Plaintiff had already packed up the car and had gone back upstairs to get her children. The car was running and prepared for Plaintiff and her children to leave the home.

17. Plaintiff descended the stairs and when she got to bottom of the stairs she saw Defendants Redmond, Horton and Morris at the threshold.

18. Plaintiff stopped her decent and asked the Defendant Officers to remove Keith Frazier from the premise.

19. Defendant Redmond shined his flashlight in Plaintiff's face and asked Plaintiff who was on lease. Plaintiff told Defendant Redmond that she and her children were on the lease.

20. Defendant Redmond walked up the stairs towards Plaintiff put his flashlight in his duty belt, dove at her and without provocation of legal justification, punched Plaintiff in the mouth with a closed fist.

21. Plaintiff fell backwards on to the upper stair with the baby in her right arm, holding the child to her chest.

22. Defendant Redmond fell on top Plaintiff, crushing the baby and injuring the baby and Plaintiff's left arm.

23. Keith came downstairs and removed the infant.

24. Defendants Morris and Horton made no attempt to intervene

25. At no time did the Defendant Officers tell Plaintiff she was under arrest.

26. Bud's Ambulance service arrived while Plaintiff was still on the ground.

27. At no time did Plaintiff resist.

28. Defendant Redmond went to the paramedics and provided false information and delayed Plaintiff's medical treatment.

29. Plaintiff was treated on scene and taken by ambulance to Ingalls hospital.

30. Plaintiff was not arrested.

31. The infant child was also taken to the emergency room and treated for her injuries.

32. Later that day, Plaintiff went from the hospital to the Robbin Police station to file a complaint against Defendant Redmond for his unsolicited attack.

33. Plaintiff met with a yet unknown Commander who assisted Plaintiff in filling out the complaint.

34. Approximately 3 hours later, the Commander came to Plaintiff's home and Plaintiff's mother's home asking that Plaintiff and Plaintiff's mother amend their complaints to include more details.

35. The Commander told Plaintiff to return to the station later that day to drop off the more detailed complaint.

36. On August 12, 2021, and after meeting a meeting with Defendant Redmond, Defendant Starosta arrested Plaintiff, falsely stating that Plaintiff was there to turn herself in. Defendant Starosta falsified a police report which stated that Plaintiff came to the station of turn herself in.

37. On August 12, 2021, Plaintiff arrested, booked and charged with resisting arrest. Plaintiff posted $200 and was bonded out from the station.

38. Plaintiffs was prosecuted under criminal case# 21M600290001.

39. Plaintiff hired defense counsel and the matter was dismissed in a manner indicative of innocence on March 3, 2023.

40. Plaintiff was also issued municipal citations for disorderly conduct/breach of peace, public nuisance, obedience to police, resisting a peace officer, tag and collar (of dog), notice to owner of licensed dog.

41. Keith Frazier was issued municipal citations for public nuisance, disorderly conduct/breach of peace, tag and collar (of dog) and notice to owner of licensed dog.

42. All municipal citations were subsequently dismissed.

43. On August 12, 2021, Defendant Redmond offered to give Plaintiff $200 to pay her back for her having to post bond and apologized for the attack.

44. Plaintiff posed no physical threat to Defendant Redmond or any other Defendant at any time.

45. As a result of all individual Defendants' conduct, Plaintiff sustained physical injuries, pain and suffering and emotional distress.

## COUNT I - FOURTH AMENDMENT – EXCESSIVE FORCE

46. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

47. The actions of the Defendant as set forth hereto constitute a violation Plaintiff Dorsey's right pursuant to her 4th Amendment rights under the United States Constitution and 42 U.S.C. Section 1983.

48. The actions of Defendant Redmond as set forth herein constitute excessive force.

49. Said actions of the Defendant Redmond were intentional, willful and wanton and committed with reckless disregard for Plaintiff's rights.

50. Said actions of the Defendant Redmond were objectively unreasonable under the circumstances.

51. As a direct and proximate consequence of the Defendant Redmond's conduct, Plaintiff suffered damages, including without limitation violations of her constitutional rights, emotional distress, physical injuries, pain and suffering and financial damages.

**WHEREFORE**, the Plaintiff prays for judgment against Defendant Redmond for an award of reasonable compensatory and punitive damages, plus attorneys' fees and costs.

## COUNT II - Domestic Violence Act (750 ILCS 60/304)

52. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

53. Plaintiff was at all relevant times, a person in need of the protections under the Illinois Domestic Violence Act.

54. Defendants Redmond, Horton and Morris had a duty to protect Mr. Craig stemming from the Domestic Violence Act. See 750 ILCS 60/304 (West 2002).

55. Defendants Redmond, Horton and Morris failed to protect Mr. Criag from domestic violence.

56. As a result of Defendant Redmond, Horton and Morris's actions as set forth hereto, the Plaintiff suffered emotional and physical damages.

**WHEREFORE**, the Plaintiff prays for judgment against Defendants Redmond, Horton and

Morris for an award of reasonable compensatory and punitive damages, plus costs.

## COUNT III -CONSPIRACY TO VIOLATE CIVIL RIGHTS (§1983)

57. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

58. Defendants reached an agreement among themselves to deprive Ms. Dorsey of her her rights, as described above.

59. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity

60. The misconduct described herein was undertaken intentionally, with malice, and/or with reckless indifference to Ms. Dorsey's.

61. As a direct and proximate result of the illicit prior agreement as set forth above, Ms. Dorsey's rights were violated and he sustained damages including pain, suffering, emotional distress, injury, and death.

**WHEREFORE**, Plaintiff demands judgment in favor of Plaintiff and against all Defendants awarding compensatory damages, punitive damages, attorney's fees and costs, and for such other and further relief as the Court may deem just and appropriate.

## COUNTY IV – FAILURE TO INTERVENE (§1983)

62. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein

63. Defendants Horton and Morris were at all times acting under color of law.

64. Defendants Horton and Morris committed the acts alleged above in the scope of their employment as a Village of Robbins.

65. Defendants Horton and Morris were present and failed to intervene to prevent Defendant Redmond from infringing the constitutional rights of Plaintiff.

66. Defendants Horton and Morris had reason to know: (1) that excessive force was being used, (2) that a citizen has been unjustifiably arrested, or (3) that a constitutional violation had been committed by Defendant Skinner.

67. Defendants Horton's and Morris' conduct was willful and wanton.

68. Defendant Horton and Morris had a realistic opportunity to intervene to prevent the harm from occurring and chose not to.

**WHEREFORE**, the Plaintiff prays for judgment against Defendants Horton and Morris for an award of reasonable compensatory and punitive damages, plus attorneys' fees and costs.

### COUNTY V – BATTERY (State Claim)

69. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

70. Defendant Redmond knowingly and without legal justification caused bodily harm to Kennetha Dorsey and her infant child.

71. Defendant Redmond's contact with Kennetha Dorsey and her infant child was unauthorized and constituted an offensive

72. Defendant Redmond's conduct was malicious, willful and wanton.

73. As a direct and proximate cause of the conduct of Defendant Redmond, Kennetha Dorsey and her infant child suffered injuries, including without limitation physical harm and pain, emotional distress and anguish, and financial damages.

**WHEREFORE**, the Plaintiff prays for judgment against Defendant Redmond for an award of reasonable compensatory and punitive damages, plus costs.

### COUNT VI – MALICIOUS PROSECUTION

74. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein

75. The Defendant Officers, despite knowing that probable cause did not exist to prosecute Plaintiff for resisting arrest, disorderly conduct/breach of peace, public nuisance, obedience to police, resisting a peace officer, tag and collar (of dog), notice to owner of licensed dog, acted individually, jointly, and/or in concert and in conspiracy, to cause Plaintiff to be arrested and prosecuted for those crimes.

76. Specifically, the Defendant Officers manufactured evidence and authored police reports containing falsehoods.

77. The Defendant Officers performed the above-described acts deliberately, with malice,

and with reckless disregard for Plaintiff's rights.

78. The resisting arrest charge was disposed of in a manner indicative of innocence on March 3, 2023.

79. As a direct and proximate result of this misconduct, Plaintiff sustained, and continues to sustain, injuries as set forth above, including financial loss.

**WHEREFORE**, the Plaintiff prays for judgment against Defendant Redmond for an award of reasonable compensatory and punitive damages, plus costs.

### COUNT VII – INDEMNIFICATION (745 ILCS 10/9-102)

80. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein

81. At all relevant times, Defendant City of Chicago was the employer of Defendant Covarrubias.

82. Defendant Covarrubias committed the acts alleged above under the color of law and in the scope of his employment as an employee of the City of Chicago.

83. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

84. As a proximate cause of Defendant Golden's unlawful acts, which occurred within the scope of his employment, Plaintiff was injured.

**WHEREFORE**, should any and all individual Defendant Officers be found liable on one or more of the federal claims set forth above, Plaintiff demands, pursuant to 745 ILCS 10/9-102, that Defendant Village of Robbins be found liable for any compensatory judgment Plaintiff obtains against said Defendant, plus attorneys' fees and costs awarded and such other and additional relief that this Court deems equitable and just.

### COUNT IV—*RESPONDEAT SUPERIOR*

85. Each of the paragraphs above is incorporated by reference as though fully stated herein.

86. In committing the acts alleged in the preceding paragraphs, Defendant Officers were agents of the Village of Robbins and were acting at all relevant times within the scope of their employment and under color of law.

87. Defendant Village of Robbins is liable as principal for all torts committed by its agents.

**WHEREFORE**, should Defendant Officers be found liable on one or more of the state claims set forth above, Plaintiff demands that, pursuant to *respondeat superior*, Defendant Village of Robbins be found liable for any compensatory judgment Plaintiff obtains against said Defendant, as well as costs awarded.

## JURY DEMAND

The Plaintiff requests a trial by jury.

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorneys' fees have been assigned to counsel.

Respectfully submitted,

/s/ Jon F Erickson

Erickson Law, LLC
155 N. Wacker Drive, Suite 4250
Chicago, Illinois 60606
Telephone: (773)875-4646
Email: JonEricksonLaw@gmail.com